**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **COUNTY OF INYO,** | CV F 06-1502 AWI DLB |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO INTERVENE |
| v. | |
| **DEPARTMENT OF THE INTERIOR, DIRK KEMPTHORNE, in his capacity as Secretary, NATIONAL PARK SERVICE, MARY A. BOMAR, in her capacity as Director, and JAMES T. REYNOLDS, in his capacity as Superintendent, Death Valley National Park,** | Doc. # 7 |
| Defendants. | |

**INTRODUCTION**

This is an action by plaintiff County of Inyo ("Plaintiff") to quiet title to rights of way that lie partly inside federal land in the vicinity of Death Valley National Park, near the California-Nevada border. Defendants are the Department of the Interior, Dirk Kempthorne, Director; National Park Service, and Mary A. Bomar, Director; and James T. Reynolds, in his capacity as Superintendent of Death Valley National Park (collectively, "Defendants"). In this motion, a group of organizations that promote environmental protection and conservation move for leave to intervene as defendants. The conservation groups are Sierra Club, The Wilderness Society, California Wilderness Coalition, National Parks Conservation Association, Center for Biological Diversity, and Friends of the Inyo (collectively "proposed Intervenors"). For the reasons that

follow, leave to intervene will be granted.

Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331. Venue is proper in this court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.   The Underlying Action

"In 1866, Congress enacted an offer of grants of rights of way over unreserved public lands for the construction of highways." Pamela Baldwin, Highway Rights of Way: The Controversy Over Claims Under R.S. 2477 CRS Report for Congress (1993), Exhibit 1 to Doc. # 24. The grant was originally at section 8 of the Mining Act of 1866, which became section 2477 of the Revised Statutes, which was codified at 43 U.S.C., section 932, until it was repealed in 1976. Rights of way granted pursuant to this section continue to be referred to as R.S. 2477 grants. The repeal in 1976 of authority to grant rights of way under this provision recognized the validity of rights of way that were established as of the date of repeal. Id.

The underlying action by Inyo County seeks to resolve a dispute as to the validity of four rights of way established under R.S. 2477. Such disputes over title to land wherein the United States claims an interest are pursuant to the Quiet Title Act, 28 U.S.C., section 2409, which constitutes a limited waiver of federal sovereign immunity. In the underlying action, Plaintiff seeks to quiet title to the four rights of way that are designated as Petro Road, Lost Section Road, Last Chance Road, and Padre Point Road.

Plaintiff's complaint alleges that, as a result of the California Desert Protection Act of 1994, PL 103-433, October 31, 1994, 108 Stat. 4471 ("CDPA"), land underlying and adjacent to the four rights of way was placed within the jurisdiction of the National Park Service ("NPS"), who designated the lands wilderness areas and forbade any form of motorized transport over the rights of way. As to those four rights of way, Plaintiff seeks, *inter alia* to: (1) order Defendants to remove all obstructions placed or planted in each right of way, (2) order Defendants to cease and desist from interference with the public's traditional use, (3) declare certain rights as being within the scope of Plaintiff's rights in management of the rights of way including the right to

conduct ordinary maintenance, right to widen to two-lanes, rights to establish such accouterments as drainage ditches, shoulders, culverts, signs, etc.

**II.  Proposed Intervention**

The above-listed conservation groups seek permission to intervene as defendants with respect to three of the four listed rights of way that are the subject of Plaintiff's action to quiet title.  The three rights of way at issue in terms of the proposed intervention are Petro Road, Lost Section Road, and Last Chance Road.  The proposed Intervenors allege one or more of their constituent conservation groups were active in advancing the designation of federal lands underlying one or more of the roadways as wilderness area, and so achieving the protection of that area from vehicular intrusion.  Intervenors contend exclusion of vehicular traffic is critical for the preservation of the wilderness character of the designated areas.

The motion to intervene was filed on January 18, 2007.  Defendants filed their opposition to the motion to intervene on March 21, 2007, and Plaintiffs filed their opposition on the same date.  Proposed Intervenors filed their reply on April 19, 2007.  Hearing on the motion to intervene, previously set for June 18, 2007, was vacated and the matter was taken under submission.

**LEGAL STANDARD**

Rule 24(a) of the Federal Rules of Civil Procedure provides that, upon timely application, a party *shall* be permitted to intervene in an action:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has restated Rule 24(a) as follows:

> An applicant seeking intervention as of right must show that: (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interests.

3

Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).  The court's determination of whether intervention is appropriate is "guided primarily by practical and equitable considerations."  Id.  The Ninth Circuit "construe[s] Rule 24(a) liberally in favor of potential intervenors."  California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006).

## DISCUSSION

There is no dispute that the motion for leave to intervene is timely.  This discussion therefore focuses on the remaining three elements.

### I. Significant Protectable Interest

Plaintiff and Defendants make essentially the same argument in opposing the motion for leave to intervene.  The argument boils down to the contention that the nature of this action is to resolve title to land in which the United States asserts an interest.  Plaintiff and Defendants contend that since proposed Intervenors do not claim, and cannot assert any property interest in the land in dispute, they lack a significant protectable interest in the land.  As Defendants put the issue, the proposed Intervenors "assert interests in the ecological, biological, scientific, historic and aesthetic values of the areas in which Inyo County's claimed rights-of-way lie, [. . .]; that is, the [proposed Intervenors] assert an interest in how the land is managed.  The [proposed Intervenors] claim no interest in the title or ownership of the portions of Death Valley National Park in which Inyo County asserts it has title to R.S. 2477 rights-of-way."  Doc. # 24 at 15:24-16:3.

In a similar vein, Plaintiff argues:

> The only purpose of the Quite Title Act is to determine the federal government's interest in the property.  The only possible outcome of a Quiet Title Act action is to determine the federal government's interest in property in relation to the interests of other alleged property owners.  Therefore, the Defendants are the only appropriate defendants in this action, because it is only the Defendants' and Inyo County's property interests that are at stake.  The Quiet Title Act provides no protection for the aesthetic and environmental interests the Applicants assert.

Plaintiff's and Defendants' characterization of the nature of this action is at odds with what the complaint seeks to accomplish.  Specifically, Plaintiff's third and fourth prayers for

4

relief request:

> 3. Order Defendants to cease and desist from interfering with County's and the public's traditional use of each highway described above;
>
> 4. Include within the scope of each such highway: (a) that which is reasonable and necessary for the type of use to which the right-of-way has been put, (b) the right to conduct ordinary maintenance activities within the right-of-way, including making improvements, (c) the right to widen the road at least to the extent of a two-lane road to allow travelers to pass each other when increased travel renders that reasonable and necessary, and (d) areas along the roadway beyond the actual beaten path that are reasonable and necessary to accommodate reasonable and necessary accouterments such as drainage ditches, shoulders, culverts and road signs that accord with sound engineering practices and to provide reasonably and necessary servicing of such accouterments as are put in place pursuant to that sound engineering practice[.]

Taking these prayers for relief at face value, the court must conclude that what is potentially at stake in this action is not simply the title to contested land. The action also seeks to settle rights to *particular uses* of the land, substantially influencing the character of surrounding land *vis-a-vis* the land's wilderness values. Both Plaintiff and Defendants seem to completely ignore the fact that, if Plaintiff prevails, they will not only quiet title to the land, they will be granted rights to make "improvements" to the land that may very well impair or have a significant impact on the status of the surrounding land as designated wilderness under the federal Wilderness Act, and/or as land coming under the California Desert Protection Act. Put bluntly, this action is not about simply quieting title to land in Plaintiff's name; it is about quieting title, *and* granting rights in Plaintiff to convert what is currently a pedestrian trailway devoid of motorized traffic into a two-lane rural highway.

Plaintiff cites Portland Audubon Soc'y v. Hodel, 866 F.2d 302 (9th Cir. 1989), and Nw. Forest Res. Council v. Glickman, 82 F.3d 825 (9 Cir. 1996), to support its contentions that proposed Intervenors lack a substantial interest in the case. In Nw. Forest Res. Council, the court set forth a two-pronged test to determine substantial interest. "To demonstrate this interest, a prospective intervenor must establish that (1) 'the interest [asserted] is protectable under some law,' and (2) and that there is a 'relationship between the legally protected interest and the claims at issue.'" Nw. Forest Res. Council, 82 F.3d at 837 (quoting Forest Conservation Counsel v.

United States Forest Service, 66 F.3d 1489, 1493 (9th Cir. 1995).  In Nw. Forest Res. Council, the court recognized that the interest in question need only be protected by *some* law, not necessarily the law at issue in the litigation.  It is only necessary that the interest protected by the law "relate to the litigation in which [the intervening party] seeks to intervene."  Id.  In Portland Audubon Soc'y, the court essentially invoked the same standard stated in the negative when it held, "the 'interest' test will not be satisfied where a holding 'will not affect a statute or regulation governing the applicants' actions, nor will it directly alter contractual or other legally protectable rights of the proposed intervenors.' [Citation.]"  Portland Audubon Soc'y, 866 F.2d at 309.

In Nw. Forest Res. Council, the court illustrated the "substantial interest" test in the context of proposed intervention by a public interest group by citing a number of cases where intervention had been granted and noting that the common thread was the direct involvement of the group "in the enactment of the law or in the administrative proceedings out of which the litigation arose."  See Nw. Forest Res. Council, 82 F.3d at 837-838.  The crux of both Plaintiff's and Defendants' arguments is that, since this litigation arises from the grant of rights of way under R.S. 2477 and under the Quiet Title Act, proposed Intervenors cannot claim a substantial interest because they were not instrumental in the grants of the rights of way and can claim no interest in the title to the rights of way.

As previously discussed, Plaintiff's and Defendants' arguments are flawed because they fail to acknowledge that Plaintiff's action seeks to do more that simply quiet title to the rights of way.  The fact that Plaintiff's complaint prays for a declaration of rights to unblock, widen, and improve the rights of way directly challenges the work of proposed Intervenors, who all parties agree were instrumental in the designation of the land in which the rights of way run as wilderness area.  Stated another way, proposed Intervenors advocacy substantially contributed to the ultimate blockage the rights of way and the exclusion of motor vehicles from them in order to enhance the wilderness values of the surrounding lands.  Plaintiff's action, in addition to quieting title, seeks to undo precisely what proposed intervenors worked to accomplish.

The court concludes proposed Intervenors have carried their burden to show a "substantial protectable interest" in this litigation.

## II.     Impair or Impede Proposed Intervenors' Protectable Interests

Proposed Intervenors interest is the preservation of the land through which the challenged rights of way run as wilderness area and/or area protected by the California Desert Protection Act. The Wilderness Act provides that "subject to existing private rights, there shall be no commercial enterprise *and no permanent road* within any wilderness area designated by this chapter. . . ." 16 U.S.C. § 1133(c) (italics added). The grant of rights of way to Plaintiff to establish permanent improved roads within the areas in contention would, at minimum, impair proposed Intervenors interests in maintaining wilderness area designations in those areas.

## III. Adequacy of Representation by Existing Parties

The National Park Service ("NPS") is the entity overseeing the administration of the portions of Death Valley National Park that are at issue in this case. Through the Park Service Organic Act, NPS is charged to "conserve the scenery and the natural and historic objects and the wild life therein *and* to provide for the enjoyment lf the same in such a manner and by such means as will leave them unimpaired to the enjoyment of future generations. 16 U.S.C., section 1 (italics added). The Park Service Organic Act recognizes the tension between preservation and recreational use and leaves it to the discretion of the NPS to balance these competing values. Sierra Club v. Babbitt, 69 F.Supp.2d 1202, 1247 (E.D. Cal. 1999).

In contrast, proposed Intervenors are committed to, and have diligently advocated on behalf of the application of preservationist protections to the land in question. They have advocated for the restriction of motorized access to these areas as a means of preserving their wilderness character and have therefore advocated against concessions to casual recreational access. While it may be that NPS has internally determined that it will seek to preserve the wilderness character of the lands adjacent to the contested rights of way, it is not necessarily bound to do so. Certainly, Defendants' often asserted argument that there is nothing at stake here but title to the rights of way might arguably be interpreted to argue that Defendants' are not, in

fact, committed to the protection of precisely those interests that proposed Intervenors hold.  It is not at all clear that if Plaintiffs were to prevail on their quiet title claim, that NPS or any Defendant party would have an interest in advancing arguments for limitations on Plaintiff's rights of use and improvement of the rights of way in order to preserve wilderness values in the adjacent lands.

    The court concludes proposed Intervenors have carried their burden to demonstrate a "significant protectable interest," the probable impairment of that interest, and that representation of their interests by the existing parties will probably be inadequate.  Leave to intervene will therefore be granted.

    THEREFORE, for the reasons discussed above, the motion of the proposed Intervenors to intervene as defendants in this case is hereby GRANTED.

IT IS SO ORDERED.

**Dated:   June 13, 2007**            _____/s/ Anthony W. Ishii_____
                                                        UNITED STATES DISTRICT JUDGE