IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF INYO,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF THE INTERIOR, DIRK KEMPTHORNE, in his capacity as Secretary, NATIONAL PARK SERVICE, MARY A. BOMAR, in her capacity as Director, and JAMES T. REYNOLDS, in his capacity as Superintendent, Death Valley National Park,<br><br>  Defendants, and<br><br>SIERRA CLUB, et al.,<br><br>  Defendant-intervenors | CV F 06-1502 AWI DLB<br><br>ORDER ON PARTIES' JOINT STIPULATION ON ISSUES REMAINING FOR DECISION<br><br><br><br><br>Doc. #'s 63, 64, and 69 |

This is an action to quiet title to certain rights-of-way on lands falling within the jurisdiction of the Department of the Interior pursuant to the California Desert Protection Act, PL 103-433, October 31, 1994, 108 Stat. 4471 ("CDPA"). In this action, the parties and the court have taken an incremental approach to developing a common understanding of both the facts of the case and legal contentions of the parties. On May 8, 2008, defendants Department of the Interior, et al. ("Federal Defendants") and defendant-intervenors Sierra Club, et al. (collectively, "Defendants") both moved to dismiss plaintiff County of Inyo's ("Plaintiff's") motion to quiet title to four rights-of-way located within lands designated by the CDPA as national park lands

under the jurisdiction of the Department of the Interior. The motions to dismiss were based on Defendants' contentions that Plaintiff's action to quiet title is time barred or, in the alternative, based on Federal Defendants' contention that the complaint fails to plead with the required particularity the date on which Plaintiff's claims accrued.

The court's order of August 11, 2008, granted Defendants' motions to dismiss as to three of the rights-of-way, Padre Point Road, Lost Section Road - South, and Last Chance Road. The August 11 order also dismissed the complaint as to the south-western segment of the fourth right-of-way, Petro Road. On September 20 the parties stipulated to an amendment of judgment that reflected the parties' agreement that there was no claim by the government to the north-eastern segment of Petro Road because that portion of the road was not included within the boundaries designated by the CDPA. The court issued an amended order based on the parties' stipulation on September 29, 2008. In that order, the court requested that the parties identify any issues that are currently awaiting decision by the court. On October 9, 2008, the parties filed a document stipulating the following facts:

1. The northern segment of Last Chance Road runs southeast from Cucomongo Road approximately one-half to three-quarters of a mile;
2. BLM excluded this northern segment of Last Chance Road from the Last Chance Wilderness Study Area;
3. The northern segment of Last Chance Road was included in the Death Valley National Park Wilderness Area in 1994 by the [CDPA];
4. The United States placed signs on the northern segment [of Last Chance Road] prohibiting motorized travel on it in 1995;
5. The Department of the Interior asserts a claim over the northern segment of Last Chance Road;
6. The northern segment of Last Chance Road was a subject of Plaintiff's quiet title action;
7. Neither Federal Defendants' nor Defendant Intervenors' motions to dismiss sought dismissal of Plaintiff's action for the northern segment of Last Chance Road on the

|   |   |
|---|---|
| 1 | grounds that it was time-barred; |
| 2 | 8. Federal Defendants' motion to dismiss did, however, move for dismissal of Plaintiff's |
| 3 | claim for the northern segment of Last Chance Road on the grounds that Plaintiff's |
| 4 | complaint failed to plead with particularity compliance with the Quiet Title Act's statute |
| 5 | of limitations, including the date that Plaintiff asserts its cause of action accrued. |

Doc. # 70 at 2:7-27.

The court's order of August 11, 2008, addressed the Federal Defendants' motion to dismiss on the ground of failure to plead with particularity the date of accrual of Plaintiff's cause of action. Due to the court's misapprehension of the underlying facts, the discussion set forth in the August 11 order pertained to the northern segment of Petro Road, which the court then understood to be in contention, instead of the northern segment of Last Chance Road, which the court erroneously understood to not be in contention. In the August 11 order, the court observed:

> Plaintiff, in its opposition to the motions to dismiss, contends that the allegations at paragraphs 4, 38, 39, 64, 72, 80, and 87 of the Complaint allege with particularity the actions of the United States that constituted notice to Plaintiff of United States' adverse claims to Plaintiff's titles to the rights of way at issue. The court has examined the cited paragraphs and finds they refer to various actions by BLM, such as the posting of signs or the erecting of physical barriers, that Plaintiff contends constitute notice of an averse claim. The Complaint also states, in pertinent part, "Defendants have based their assertions and actions on the passage of the California Desert Protection Act of 1994, PL 103-433, October 31, 1994, 108 Stat. 4471." Complaint at ¶39. Plaintiff contends that, in the alternative, this statement sets forth the earliest date from which its claim(s) under the Quiet Title Act could have accrued.

Doc. # 62 at 20:5-14.

In its order of August 11, the court denied Federal Defendants' motion to dismiss on the ground of failure to plead with particularity because the court was required to make a determination as to when Plaintiff's claims accrued when it decided Defendants' motion to dismiss on the ground Plaintiff's claims were time barred. The court reasoned that, having determined that Plaintiff's claims under the Quiet Title Act accrued with the passage of the CDPA for any rights-of-way that were not originally incorporated into Wilderness Study Areas, it would be a waste of the parties' time and judicial resources to require Plaintiff to re-plead simply

3

to put down a date, October 31, 1994, that had already been determined by order of the court. The same line of reasoning applies here, only the names of the roads are different.

The parties agree that the northern segment of Last Chance Road was not incorporated into a Wilderness Study Area prior to its incorporation into the lands designated by the CDPA in 1994. Applying the court's prior determination that the date of accrual under the Quiet Title Act for lands not previously designated as Wilderness Study Areas is the date of enactment of the CDPA, the court concludes that Plaintiff's claim under the Quiet Title Act with respect to the northern segment of Last Chance Road accrued on October 31, 1994. In accord with its previous reasoning on Federal Defendants' motion to dismiss for failure to plead with particularity, the court finds that dismissal of Plaintiff's complaint to quiet title to the northern segment of Last Chance road would result in delay and waste of judicial resources and would serve no discernable purpose.

THEREFORE, in accord with the foregoing discussion, Federa Defendants' motion to dismiss Plaintiff's complaint with respect to the northern segment of Last Chance Road for failure to plead the date of accrual of Plaintiff's claim under the Quiet Title Act is hereby DENIED.

IT IS SO ORDERED.

**Dated:   October 29, 2008**             /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE