# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF INYO, | ) 1:06cv01502 AWI DLB |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING FEDERAL |
|  | ) DEFENDANTS' AND INTERVENOR |
|  | ) DEFENDANTS' REQUEST FOR LEAVE TO |
| DEPARTMENT OF THE INTERIOR, | ) TAKE ADDITIONAL DEPOSITIONS |
| et al., | ) (Telephonic Discovery Dispute) |
| Defendants, and | ) |
| SIERRA CLUB, et al., | ) |
| Defendant-Intervenors. | ) |

The parties to this action requested a telephonic hearing to resolve a discovery dispute. The dispute concerns whether defendants should be granted leave to depose two previously deposed witnesses. In support of their respective positions, the parties submitted informal letter briefs, but requested that the dispute be resolved on the record. On December 10, 2010, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Ralph Keller appeared telephonically on behalf of Plaintiff County of Inyo ("Plaintiff"). Bruce D. Bernard appeared telephonically on behalf of Defendants Department of the Interior, Secretary of the Interior Kenneth Lee Salazar, National Park Service, Director of the National Park Service Mary A. Bomar and Superintendent of Death Valley National Park James T. Reynolds ("Federal Defendants"). Margaret Parish and Edward B. Zukoski appeared telephonically on behalf of Defendant-Intervenors Sierra Club.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action to quiet title on October 25, 2006. Although four roads were originally at issue, the action has been narrowed down to the rights attached to Last Chance Road. Plaintiffs allege that Federal Defendants have closed Last Chance Road by virtue of its inclusion in the Death Valley Wilderness Area by the California Desert Protection Act of 1994.

On November 2, 2009, Plaintiff filed its first motion for summary judgment. The motion was ultimately withdrawn to allow Defendants to depose Plaintiff's witness Bernard T. Pedersen. Plaintiff relied on Mr. Pedersen in support of its motion yet failed to disclose him to Defendants.

On August 20, 2010, the parties filed a stipulated list of undisputed facts.

Plaintiff filed its summary judgment motion on September 10, 2010.

On October 19, 2010, Federal Defendants and Intervenor Defendants (CA Wilderness Coalition, Center for Biological Diversity, Friends of Inyo, Sierra Club, Wilderness Society and National Parks and Conservation Assoc.) filed separate oppositions.

Federal Defendants also filed a cross-motion for summary judgment. The motion is based on Federal Defendants' contentions that (1) Plaintiff's evidence did not address the period when the land was not "reserved," (2) Plaintiff failed to identify its claim with sufficient "particularity" (identifying the precise nature, extent and scope of the highway) to meet its burden under the Quiet Title Act; and (3) Plaintiff could not rely on Mr. Huarte's vague and inconsistent testimony to support summary judgment.

Plaintiff filed its reply and opposition to the cross-motion on November 22, 2010. Plaintiff attached the declarations of Leonard Huarte and Mr. Pedersen in support of their arguments.

Pursuant to the parties' stipulation, Defendants' replies are due on December 13, 2010.

In the telephonic discovery dispute, Defendants seek to re-depose Mr. Huarte and Mr. Pedersen for the narrow purpose of obtaining information about allegedly new testimony and new documents contained in their November 2010 declarations.

## DISCOVERY BACKGROUND

Federal Defendants deposed Leonard Huarte, a County road equipment operator, on March 5, 2008. According to Undisputed Facts 73 and 74, Mr. Huarte testified that he had not maintained or constructed the route at issue, though he remembered driving a vehicle on the route for hunting several times in the 1970s. Mr. Huarte made several corrections to his testimony concerning his memories of grading a route to Last Chance *Spring*, a route not at issue in this case.

On December 11, 2009, Plaintiff's counsel informed Defendants that while accompanying Mr. Huarte on a trip to the area of Last Chance Road, Mr. Huarte remembered driving a road grader to maintain Last Chance Road.

On June 9, 2010, based on Plaintiff's use of Mr. Pedersen to support summary judgment and Mr. Huarte's changed testimony, Defendants redeposed Mr. Huarte and took the deposition of Mr. Pedersen. The depositions continued on June 10 on a site visit to the alleged location of Last Chance Road. Mr. Huarte testified that he remembered grading Last Chance Road, though he did not remember how many times.

## DISCUSSION

A.  Legal Standard

Under Federal Rule of Civil Procedure 26(b)(2)(C), leave must be granted to take a second deposition of a witness unless:

> (i) the [second deposition] sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking [the second deposition] has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed [second deposition] outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

B.  Analysis

Defendants contend that the November 2010 declarations set forth new information about the location and extent of the right-of-way claimed by Plaintiff, a central issue in the case. Mr.

3

Huarte, who is Plaintiff's only eyewitness for its claims of use and construction, also provides new information about the alleged construction of Last Chance Road.

      1.    *Huarte*

      Mr. Huarte's new declaration is based on a visit he took to Last Chance Road on November 17, 2010. He stated that during this trip, he had an opportunity to "refresh [his] memory."

      Defendants identify the following as new information provided by Mr. Huarte: (1) that county employees instructed him to grade Last Chance Road, contradicting his prior testimony that his boss "probably didn't say grade that road;" (2) that he remembers grading the entire route, rather than his prior testimony that he was unsure of grading the route; (3) that he graded the route at least 3 times in 3 separate years in the 1970s, rather than his prior testimony that he did not know how many times he graded the route; (4) that one or more of 4 men took him to Last Chance Road and graded the route with him, rather than his prior testimony that he never saw anyone else grade the Road; and (5) that Last Chance Road most likely followed the 1987 USGS map route to Willow Spring Road, rather than this prior testimony that it turned off Willow Spring Road at a 90 degree angle.

      His declaration also includes new measurements, a new map and new photographs. In fact, he took measurements of a part of the route that Plaintiff had not claimed or mentioned in any prior brief: a "turnaround" at the route's southern terminus. Defendants contend that his description of the area makes it difficult to understand the specific location he is discussing and he does not state what equipment he used to take the measurements. There is also a map with Mr. Huarte's markings, including an arrow and the label "graded turn-around" that was not previously presented to Defendants.

      Defendants contend that this new information is significant and that they could not have asked Mr. Huarte about this information because it did not exist at the time of the prior depositions. They also contend that the deposition would not be cumulative because it would address new information that they cannot obtain anywhere else. In addition to the new

1  information presented, Defendants contend that they are entitled to redepose Mr. Huarte because
2  he has provided potentially contradicting testimony.
3     Plaintiff concedes that Mr. Huarte was not clear what road was actually Last Chance
4  Road during his 2008 deposition and that he did not remember grading the road that he thought
5  was Last Chance Road (he remembered using the actual Last Chance Road for hunting).
6     Plaintiff explains that for Mr. Huarte's June 2010 deposition, he traveled to the area to
7  examine the road.  Upon seeing Last Chance Road, but prior to knowing that it was the actual
8  Last Chance Road, he remembered grading the road to the edge of Last Chance Canyon, where
9  he constructed a turn around.  From then to the present, he has consistently recalled and testified
10 that he graded "that road through Last Chance Wash and created a turn around at the southern
11 extent of the road."  Plaintiff contends that Defendants had ample opportunity to question him
12 about his new recollection during this 2010 deposition.  "His deposition is replete with questions,
13 as the parties walked through the wash, of how he graded the wash, including whether he graded
14 to the right or left of a Pinyon Pine that may or may not have existed in the 70s."  Mr. Huarte
15 explained and pointed to where he created the turn around, at the "sandy area" referenced by
16 Defendants, and Defendants could have examined him at that time.  Plaintiff also points out that
17 the attending Park Service personnel were using a measuring device to measure distances along
18 the road and were equipped with a GPS device.
19    Plaintiff explains that Mr. Huarte's testimony is relevant to show that the Road proceeded
20 through Last Chance Wash and terminated at the turn around.  This shows that in the early 70s,
21 the time period pertinent to this action, Last Chance Road followed the route described in a 1986
22 USGS map, which is the path of the Road that Plaintiff claims in this action.  Plaintiff contends
23 that it should not be a surprise to Defendants that Mr. Huarte recollects grading Last Chance
24 Road along the bottom of Last Chance Road or that the road terminated at the turn around.  "Nor
25 should it be a surprise, we think, that Mr. Huarte was able to more clearly express his thoughts in
26 an affidavit while not subject to ongoing conversations during the deposition and the cross
27 examination of two lawyers."  Plaintiff claims that the only significant difference between his
28 deposition testimony and the declaration **"is that Mr. Huarte is more cogent in the affidavit."**

5

1    At a minimum, Mr. Huarte provided more detail in his recent declaration that was not
2 presented to Defendants prior to November 22, 2010.  The information is material, if not pivotal,
3 to the claim at issue.  Defendants' request to redepose Mr. Huarte for the limited purpose of
4 addressing the new information he provided is not unreasonably cumulative or duplicative.
5 Defendants did not have an opportunity to obtain the information through discovery and the
6 benefits outweigh the burden or expense of a limited deposition.
7    2.    *Pedersen*
8    Defendants contend that Mr. Pedersen has presented new testimony concerning the route
9 claimed by Plaintiff and the basis for Plaintiff's claim.  He also provides new maps that had not
10 been previously produced despite discovery requests in 2007 and 2008 asking Plaintiff to identify
11 the specific route of the right-of-way claimed for Last Chance Road, to identify all factual bases
12 for Plaintiff's allegation that a right-of-way had been established and to produce all documents
13 supporting its claim that a right-of-way was established.  Federal Defendants also served a
14 deposition notice on Mr. Pedersen prior to his June 2010 deposition requiring him and Plaintiff
15 to produce all documents not previously produced relating to the claim that a right-of-way had
16 been established and Plaintiff's investigations concerning its alleged acceptance of a right-of-
17 way.
18    Mr. Pedersen states in his declaration that in November 2010, his department was
19 requested to obtain information regarding actions by Plaintiff concerning Last Chance Road for
20 the period between 1967 and 1976.  They located several documents demonstrating that Plaintiff
21 included Last Chance Road in the county maintained mileage system during that period.
22    Defendants contend that, for the first time, Mr. Pedersen produced three maps that
23 Plaintiff alleges support its claims (Exhibits E, F and H).  Exhibit E is a March 21, 2007, map
24 that Mr. Pedersen describes as "the current map of the county maintained mileage system" which
25 shows the "route of Last Chance Road that is currently claimed by Inyo County."  He also states
26 that this map "closely aligns with the route of Last Chance Road that is illustrated on the 1987
27 Last Chance Canyon USGS map, with the exception of the intersection of with Willow Creek
28 Road."

1   Exhibits F and H were created by the Inyo County Public Works Dept. based on GPS
2 survey points collected by Plaintiff in the fall of 2009.  Defendant specifically requested this GPS
3 data in December 2009 and again in June 2010.  The data was not provided with the information
4 until they renewed their request on December 6, 2010.  Also, Exhibit H was prepared in
5 December 2009 and was in Plaintiff's possession prior to Mr. Pedersen's June 2010 deposition.
6   Exhibit F was created in November 2010 specifically for use in Mr. Pedersen's
7 declaration.  He contends that the GPS survey points "indicate the current alignment of Last
8 Chance Road as claimed by the County, with the exception of that intersection. . .this alignment
9 closely aligns with Last Chance Road illustrated on the March 2007 map of the County Road
10 system and the 1987 Last Chance Canyon USGS map."  He also contends that the route shown
11 on the 2010 map "roughly aligns with the earlier 1955 series of County road system maps
12 illustrating Last Chance Road."
13   Defendants believe that this new testimony and the maps address what route Plaintiff is
14 claiming and whether or not Plaintiff's complaint pleads with particularity the nature of the right,
15 title or interest which it claims.  They also argue that the new maps create confusion as to the
16 location of the route claimed by Plaintiff and whether the route shown on the 2007 map (Exhibit
17 E) and/or the route indicated by the GPS survey points and shown on Exhibits F and H, do or do
18 not follow either the route shown on the 1957 USGS map referenced in the complaint, or the
19 1987 USGS map referenced in Mr. Pedersen's November 2009 declaration.
20   Defendants also identify Mr. Pedersen's new testimony concerning the documents upon
21 which Plaintiff is relying and the significance of such documents, despite prior discovery
22 requests for Plaintiff to identify all bases for its claims.  This testimony also presents different
23 descriptions of documents than those contained in the stipulated undisputed facts.  For example,
24 Mr. Pedersen discusses a February 6, 1956, letter from the CA Dept. of Highways (Exhibit A)
25 referencing a 1954-1955 survey that Mr. Pedersen contends resulted in the 1955 maps of
26 Plaintiff's road system.  In January 2008, Defendants requested production of any documents
27 related to the February 1956 letter.  Plaintiff responded that the maps and attachments to the
28 letter were not included in their archives.  Defendants received a one page tabulation, dated 1954,

1  that includes an entry for Last Chance Road and that Plaintiff represents to be the 1954 survey
2  transmitted by the 1956 letter, on December 6, 2010.
3       There is also information related to Inyo County Resolution 76-51, dated May 4, 1976,
4  that was specifically requested in January 2008 (Exhibit B).  Plaintiff indicated that it did not
5  have any documents attached or related to 76-51.  Mr. Pedersen now represents that the
6  tabulation he attached to his November 2010 declaration is an excerpt from tabular additions or
7  deletions referenced by the 1976 resolution.
8       Defendants argue that they could not have asked Mr. Pedersen about these documents
9  because Plaintiff represented during discovery that they did not exist in Plaintiff's files.
10      Defendants also want to ask Mr. Pedersen about the significance of symbols on the 1974
11 map marked as Exhibit C, how the survey was carried out, why there has been contradictory
12 testimony about which maps contain the Road and why it is in a different location on the maps,
13 and what significance he attributes to the road description marked as Exhibit G.
14      In opposition, Plaintiff explains that Mr. Pedersen's deposition was offered as foundation
15 for documents that were either provided in discovery, are public records, or are illustrative
16 documents based on freely available information.  Plaintiff contends that none of the documents
17 "pertain to the route of the road that the County is able to claim pursuant to the offered federal
18 right of way."  Rather, the route claimed by Plaintiff is the route that existed immediately prior to
19 1976, which is shown on the USGS 1987 map.
20      Plaintiff claims that the 1976 Resolution, with attachments (Exhibit B), was produced in
21 discovery.  Plaintiff states that although Mr. Pedersen's staff located the document in County
22 files, neither he nor anyone else at the County has any knowledge as to the events that occurred
23 in the Board of Supervisors Room in 1976, when the Resolution was adopted.
24      Plaintiff explains that the 1956 letter (Exhibit A), without attachments, was produced in
25 discovery.
26      The 1974 map (Exhibit C) is based on a 1955 map that was provided to Defendants
27 during discovery.  Plaintiff explains that it is a Mylar map that has been used for purposes other
28 than to document the road system.  Plaintiff believes that it was overlooked during discovery

8

1  because it was written on and has been used for other purposes.  Plaintiff did not understand its
2  importance until Defendants challenged the effectiveness of accepting the offered federal right of
3  way prior to 1967.  Regardless, Plaintiff states that is an official public document issued by the
4  State of California in cooperation with the US Dept. of Transportation.  It shows Last Chance
5  Road in the same location as the 1955 map provided to Defendants and Mr. Pedersen can offer
6  no testimony regarding the map other than it was kept on file in his department.

7  Similarly, the 1986 road map (Exhibit D), is based on the same 1955 map.  Plaintiff
8  contends that "its significance was overlooked because the search for discovery materials was
9  focused on the pre-1976 period."  The map is issued by the State, coordinated with the federal
10 government, and kept on file by the County.  Mr. Pedersen can provide no further insight.

11 Exhibit E is a portion of the current map of the County maintained mileage system.  The
12 map is on the CA Department of Transportation website, and is signed and approved by the
13 Division Administrator of the Federal Highway Admin. in 2007.  It is not, as Defendants suggest,
14 produced as evidence of the Road claimed as of 1976, but was produced to show that the County
15 has continuously claimed Last Chance Road as a County Road and that even the United States
16 acknowledges that it is a County Road.  Mr. Pedersen can provide no further insight and
17 Defendants should consult with the DOT for the information.

18 Exhibits F and H are illustrations of Last Chance Road overlaid on satellite photos of the
19 surrounding terrain and are used to demonstrate the terrain that Last Chance Road accesses.
20 Defendants can access the same information using Google Earth or their own GPS readings.
21 Plaintiff explains that it is not evidence of the coordinates of Last Chance Road in 1976 because
22 it is more accurate as it is based on GPS readings taken in 2009.

23 As discussed at the hearing, the exhibits provided by Mr. Pedersen were not produced by
24 Plaintiff before the discovery cut-off date and Plaintiff did not supplement his discovery.
25 Defendants should be permitted to conduct additional discovery to address these newly produced
26 exhibits and the related testimony of Mr. Pedersen.

**CONCLUSION AND ORDER**

Based on the above, Federal Defendants' and Intervenor-Defendants' Request for Leave to Take Additional Depositions is GRANTED.

IT IS SO ORDERED.

Dated: **December 10, 2010**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE